UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 8:22-cv-01043-CAS (MAAx) | | Date | November 18, 2022 |
|---|---|---|---|---|
| Title | JOSEPH MINER v. CHRISTINA NEWSOM ET AL. | | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) - DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT (Dkt. 36, filed on OCTOBER 18, 2022)

DEFENDANT VU'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT (Dkt. 37, filed on OCTOBER 18, 2022)

Presently before the Court are defendant's motions to dismiss plaintiff's first amended complaint. Dkts. 36, 37. The Court finds that defendants' motions are appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the November 28, 2022 hearing is vacated and the matters are hereby taken under submission.

On May 24, 2022, plaintiff Joseph Miner filed suit against Christina Newsom, Loni Brock, Tiyler Messer, Richard Min, Erick Becerril, Jerryl Soriano, Tuan Vu (the "individual defendants"), and the City of Desert Hot Springs (the "City") (collectively, "defendants"). Dkt. 1 ("Compl."). Plaintiff is the owner of a five acre ranch at 66381 Dillon Road, Desert Hot Springs, California (the "ranch"). The individual defendants are various government officers of the City alleged to be involved in searches and code enforcement actions brought in connection with plaintiff's ranch. In plaintiff's original complaint, he asserted fourteen causes of action based on 42 U.S.C. § 1983 claims and supplemental California state law claims. See generally id.

On September 14, 2022, the City and defendants Newsom, Brock, Messer, Min, Becerril, and Soriano filed a motion to dismiss plaintiff's complaint. Dkt. 23. The same day, defendant Vu filed a motion to dismiss plaintiff's complaint. Dkt. 25.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 8:22-cv-01043-CAS (MAAx) | Date | November 18, 2022 |
|---|---|---|---|
| Title | JOSEPH MINER v. CHRISTINA NEWSOM ET AL. | | |

On October 4, 2022, plaintiff filed a first amended complaint pursuant to Federal Rule of Civil Procedure 15(a). Dkt. 34 ("FAC"). Plaintiff's FAC brings the following claims for relief: (1) violation of the Fourth Amendment against the City, Newsom, Brock, and Min; (2) violation of the Fourteenth Amendment's Due Process Clause against all defendants; (3) violation of the Fifth Amendment's Takings Clause against all defendants; (4) violation of the Fourteenth Amendment's Equal Protection Clause against all defendants; (5) violation of the First Amendment right to free speech against the City, Newsom, Messer, and Becerril; (6) "local government liability act or ratification by official with final policymaking authority" against Newsom and Becerril; (7) violation of the Tom Bane Civil Rights Act against all defendants; (8) common law trespass against the City, Newsom, Min, Brock, and Messer; (9) common law negligence against all defendants; (10) illegal expenditure and waste of funds against the City; (11) negligent hiring and supervision against the City, Newsom, and Becerril; (12) slander of title against the City, Messer, Newsom, Becerril, and Vu; (13) violations of the California Public Records Act against the City, Messer, Soriano, and Vu; and (14) "violations of California Law and City Ordinances" against all defendants. See generally id.

On October 18, 2022, the City and defendants Newsom, Brock, Messer, Min, Becerril, and Soriano filed a motion to dismiss plaintiff's FAC. Dkt. 36 ("City Mot."). The same day, defendant Vu filed a motion to dismiss plaintiff's FAC. Dkt. 37 ("Vu Mot."). On November 1, 2022, plaintiff filed a "consolidated opposition" to both motions. Dkt. 38 ("Opp."). On November 7, 2022, defendant Vu filed his reply, dkt. 41 ("Vu Reply") and the other defendants filed their respective reply, dkt. 39 ("City Reply").

Federal Rule of Civil Procedure 8(a) requires a complaint to "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' " Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**               **'O'**

| Case No. | 8:22-cv-01043-CAS (MAAx) | Date | November 18, 2022 |
|---|---|---|---|
| Title | JOSEPH MINER v. CHRISTINA NEWSOM ET AL. | | |

Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

Here, plaintiff's complaint contains nearly 250 paragraphs of allegations, and plaintiff has attached over 300 pages of unspecified documents in his opposition to the instant motions without seeking judicial notice of those materials. See generally FAC; Dkt. 38-1. As currently filed, plaintiff's pleadings are not sufficiently cogent as required by Rule 8 to enable the Court to assess plaintiff's claims for relief. Plaintiff is hereby directed to file a second amended complaint that sets forth concisely and coherently his claims for relief.

Moreover, as part of plaintiff's supplemental filings, plaintiff attached disparate court filings from a state court action in the Superior Court of Riverside County styled Joseph Miner v. City of Desert Hot Springs, No. CVPS2106001. The City defendants raise for the first time in their reply brief that a stay of the federal action might be justified given the existence of this state court action. See City Reply at 5. Plaintiff has not had the opportunity to address this contention, nor is there enough information before this Court to properly assess such request. The Court directs the City defendants to address any request to stay this proceeding in any motion to dismiss the second amended complaint. In particular, the Court directs the City defendants to address why there is any risk of inconsistent judgments in the state and federal proceedings.

In accordance with the foregoing, the Court **GRANTS** defendants' motions to dismiss plaintiff's first amended complaint. The Court directs plaintiff to file a second amended complaint no later than December 19, 2022.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |