UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL  'O'

| Case No. | 8:22-cv-01043-CAS (MAAx) | Date | March 27, 2023 |
|---|---|---|---|
| Title | JOSEPH MINER v. CHRISTINA NEWSOM; ET AL. | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:
Joseph Rosenblit

Attorneys Present for Defendants:
Brendan Coughlin
Mario Alfaro, Jr.
Wei Liu

**Proceedings:** DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT (Dkt. 47, filed on JANUARY 17, 2023)
DEFENDANT VU'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT (Dkt. 50, filed on JANUARY 17, 2023)

## I.   INTRODUCTION

Presently before the Court are defendants' motions to dismiss plaintiff's second amended complaint.  Dkts. 47, 50.

On May 24, 2022, plaintiff Joseph Miner filed suit against Christina Newsom, Loni Brock, Tiyler Messer, Richard Min, Erick Becerril, Jerryl Soriano, Tuan Vu, and the City of Desert Hot Springs (the "City") (collectively, "defendants").  Dkt. 1 ("Compl.").  Plaintiff is the owner of a five acre ranch at 66381 Dillon Road, Desert Hot Springs, California (the "ranch").  The individual defendants are various government officers of the City alleged to be involved in searches and code enforcement actions brought in connection with plaintiff's ranch.  In plaintiff's original complaint, he asserted fourteen causes of action based on 42 U.S.C. § 1983 claims and supplemental California state law claims.  See generally id.

On September 14, 2022, the City and defendants Newsom, Brock, Messer, Min, Becerril, and Soriano filed a motion to dismiss plaintiff's complaint.  Dkt. 23.  The same day, defendant Vu also filed a motion to dismiss plaintiff's complaint.  Dkt. 25.

On October 4, 2022, plaintiff filed a first amended complaint pursuant to Federal Rule of Civil Procedure 15(a).  Dkt. 34 ("FAC").  On October 18, 2022, the City and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 8:22-cv-01043-CAS (MAAx) | Date | March 27, 2023 |
|---|---|---|---|
| Title | JOSEPH MINER v. CHRISTINA NEWSOM; ET AL. | | |

defendants Newsom, Brock, Messer, Min, Becerril, and Soriano filed a motion to dismiss plaintiff's FAC, while defendant Vu filed a separate motion to dismiss. See Dkts. 36, 37.

On November 18, 2022, the Court granted the defendants' motions to dismiss, concluding that plaintiff's FAC violated Federal Rule of Civil Procedure 8(a)'s requirement that a complaint "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Dkt. 43. The Court granted plaintiff leave to amend.

On December 19, 2022, plaintiff filed a second amended complaint. Dkt. 44 ("SAC"). Plaintiff's SAC brings the following claims for relief: (1) unlawful search in violation of the Fourth Amendment against the City, Newsom, Brock, Min, Vu, and Does 1–20; (2) unlawful seizure in violation of the Fourth Amendment against the City, Newsom, Brock, Min, Becerril, and Vu; (3) invasion of privacy in violation of the Fourth and Fourteenth Amendments against the City, Newsom, Brock, Min, and Vu; (4) deprivation of procedural and substantive due process in violation of the Fourteenth Amendment against the City, Newsom, Brock, Messer, Min, Becerril, and Vu; (5) violation of the Fourteenth Amendment's Equal Protection Clause against the City, Newsom, Messer, Becerril, and Vu; (6) "constitutional" deprivation of property against the City, Newsom, Messer, Becerril, and Vu; (7) deprivation of free speech rights in violation of the First Amendment against the City, Newsom, Messer, Becerril, and Vu; (8) violation of "prosecutorial due process" under California state law against the City and Vu; (9) violation of the Tom Bane Civil Rights Act against the City, Newsom, Messer, Min, Becerril, and Vu; (10) common law trespass against the City, Newsom, Min, Brock, Messer, Vu, and Vu; (11) illegal expenditure and waste of funds in violation of California Code of Civil Procedure Section 526A against the City, Newsom, and Vu; (12) state law negligent hiring, training, supervision, and retention against the City, Newsom, Messer, Min, Becerril, and Vu; (13) slander of title against the City, Messer, Newsom, Becerril, and Vu; (14) violations of the California Public Records Act against the City, Messer, Soriano, and Vu; and (15) common law and statutory negligence against all defendants.[1] See generally id.

On January 17, 2023, the City and defendants Newsom, Brock, Messer, Min, Becerril, and Soriano filed a motion to dismiss plaintiff's SAC. Dkt. 47 ("City Mot."). The same day, defendant Vu filed a motion to dismiss plaintiff's SAC. Dkt. 50 ("Vu

---

[1] Additionally, all 15 claims are asserted against Does 1–20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                        'O'

| Case No. | 8:22-cv-01043-CAS (MAAx) | Date | March 27, 2023 |
|---|---|---|---|
| Title | JOSEPH MINER v. CHRISTINA NEWSOM; ET AL. | | |

Mot."). On February 24, 2023, plaintiff filed a "consolidated opposition" to both motions. Dkt. 57 ("Opp."). On November 7, 2022, defendant Vu filed his reply, dkt. 60 ("Vu Reply") and the other defendants filed their respective reply, dkt. 58 ("City Reply").

On March 27, 2023, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   BACKGROUND

The following background section is taken from the allegations of plaintiff's SAC and matters subject to judicial notice that have been incorporated by reference in the SAC.

### A.   The Parties

Plaintiff Joseph Miner is the owner of a roughly 5 acre ranch with a "designated main physical address of 66381 Dillon Road, Desert Hot Springs, California. SAC ¶ 8. Plaintiff's ranch is "subdivided by deed into four parcels." Building permits were taken out on three of the parcels: "the main home was constructed [sic] 1957 on the north parcel APN 657-220-005, a garage and building pad was constructed on APN 657-220-006, a home was constructed on APN 657-220-007 in 1963, and APN 657-220-008 was left vacant." Id. ¶ 63. The parcels were eventually re-purchased by a single owner, and Miner purchased all four in 2003 "as a bulk sale." Id. ¶ 64. The ranch "is surrounded by a 6' perimeter chain link fence" and is "gated and locked at all times." Id. ¶ 65. Additionally, an "interior wood fence was erected for privacy and internal security." Id.

Defendant Desert of Hot Springs is a city in Riverside County, California. Id. ¶ 18. According to the SAC, defendant Christina Newsom is the manager of the City's code enforcement division, defendants Loni Brock and Tiyler Messer are code enforcement officers, defendant Richard Min is a building inspector for the City, defendant Erick Becerril is a building inspector and community development manager, defendant Jerryl Soriano is a city clerk, and defendant Tuan-Anh Vu is a private sector attorney contracted by the City to work as a Deputy City Attorney. Id. ¶¶ 10–18.

### B.   The City's Code Enforcement Actions Against Plaintiff and his Property

Around September 2019, Miner leased out part of the ranch property to "entrepreneurs who stated they wanted to create a 'landscape plant' nursery." Id. ¶ 72.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 8:22-cv-01043-CAS (MAAx) | Date | March 27, 2023 |
|---|---|---|---|
| Title | JOSEPH MINER v. CHRISTINA NEWSOM; ET AL. | | |

According to the SAC, "Miner maintained control of the south 3 parcels and, 24/7 access and a 24/7/365 easement, per contract, over the north parcel and all buildings including the home and guest unit." Id. ¶ 73. Plaintiff alleges that he spend little time at the ranch property in 2020 and 2021 in light of the COVID-19 pandemic, instead residing primarily elsewhere within California and Nevada.

At some point on or around April 2021, the Riverside "County Sheriff Marijuana Task Force performed a raid" on plaintiff's ranch property because "Miner's tenants were growing about 1000 square feet of untaxed marijuana outside in a green house." Id. ¶ 79. "Miner has not been able to locate or procure a copy of the County's search warrant," and during the raid, the tenants did not give consent to enter the property and were issued tickets and "summarily evicted" from the property. Id. ¶¶ 79–80.

Thereafter, City "[c]ode officers were alerted to the raid [on April 28, 2021]." Id. ¶ 83. The SAC alleges that the City code enforcement department was told to "inspect" the property but that "there was no message of urgency or exigent circumstances." Id.

The SAC alleges that the City employees "decided to forego an administrative search warrant" despite not being involved in the Riverside Sheriff's prior search, and that on or about April 28, 2021, the City employees entered the property and gate without anyone present to give consent. Id. ¶¶ 84–85. Defendant Min issued a "red tag notice," which "contained no violations and the wrong property address." Id. ¶ 86.

No one in the City contacted plaintiff about the search and issue of the red tag notice. Instead, plaintiff first discovered the red tag when driving alongside the property on Dillon Road on or about May 1, 2021. Id. ¶ 75. Plaintiff noticed "the ranch gate wide open and no vehicles at the ranch. Id. He drove in and "found the property in complete disarray" with "doors wide open" and "a couple of doors apparently kicked in." Id. Plaintiff also found "evidence of marijuana in the home." Id.

The SAC alleges that two code enforcement reports were opened immediately after the raid on plaintiff's property. Defendant Newsom opened Code-21-566 on April 28, 2021, which noted "[t]he inspection revealed 3 makeshift greenhouses, the electrical was run via extension cords all plugged in to a multi-plug adapter on a residential 110v receptacle." Id. ¶ 112. According to plaintiff, this did not indicate an "emergency' and did not contain any details of "gross code violations," "exigent circumstances," or "any attempt to secure a search warrant." Id. ¶ 111. Additionally, defendant Brock opened

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 8:22-cv-01043-CAS (MAAx) | Date | March 27, 2023 |
|---|---|---|---|
| Title | JOSEPH MINER v. CHRISTINA NEWSOM; ET AL. | | |

Code-21-578 on April 29, 2021, which similarly according to the SAC failed to note any "gross code violations" or attempts to secure a search warrant. Id. ¶ 113.

Plaintiff wrote to and telephoned the City, but was "informed he had nothing to do." Id. ¶ 115. Then, on June 10, 2021, defendant Messer telephoned plaintiff and told him that there was an open code enforcement case on the property and that the home was not habitable. Id. ¶¶ 118, 120. Messer told plaintiff that "if he could just get access to the property, take a few photographs, he could advise his boss the marijuana farmers were gone, he could then drop the code enforcement case." Id. ¶ 121. Plaintiff stated he would not provide access, and the two agreed to another talk around July 1, 2021. "In the meantime Messer assured his 'team' . . . he had arranged an inspection for the ranch interior and Miner had agreed." Id. On June 30, 2021, Messer called plaintiff again, who refused inspection without a warrant. Id. ¶ 122.

The next day, on July 1, 2021, "Messer immediately served Miner with separate code enforcement documents for all four ranch parcels including a vacant parcel that has nothing on it." Id. ¶ 123. According to the SAC, the "officer had applied the wrong photos to the wrong property, failed to apply the requirements of the City's own code requirements and did not deliver 'proper' documents." Id. ¶ 124.

The SAC additionally alleges that "Miner caught officer Messer trespassing at his property" on July 15, 2021. Id.

Plaintiff alleges that the following actions were taken against him by defendants, although he does not specify when the actions were taken: cited plaintiff for a rental sign on his property and forced to remove it; cited plaintiff for a business license violation; "cited plaintiff identically, three consecutive times, when on appeal – totaling $4,000"; and "placed and recorded a lis pendens on Miner's land with no pending lawsuit, without notice or hearing, in violation of law." Id. ¶ 127.

Plaintiff states that the City has issued two "civil administration citations." One of the citations is No. 27948D, issued on August 18, 2021, and the other one remains pending final administration decision by the City as of the filing of the SAC in December 2022. Id. ¶¶ 130, 131.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-01043-CAS (MAAx) | Date | March 27, 2023 |
| Title | JOSEPH MINER v. CHRISTINA NEWSOM; ET AL. | | |

### C.     State Court Proceedings

As described above, the City issued citation No. 27948D on August 18, 2021, and the citation and fine were affirmed at a code enforcement hearing on October 21, 2021. See Dkt. 49-1 at 63. According to plaintiff, he was "served no notice at all violating state law and ordinance" and defendants "sabotaged Miner's appearance for administrative hearing." SAC ¶ 127. Plaintiff did not attend the hearing.

Pursuant to California Government Code Section 53069.4, plaintiff filed a state court matter appealing the City's final administrative decision on December 6, 2021, in Riverside County Superior Court. See RJN, Ex. 1. That case proceeded for almost a year, and according to plaintiff, "with just minutes remaining in a code enforcement citation trial, [the City] filed a vexatious litigant motion against Miner." SAC ¶ 103.

The Riverside County Superior Court held a hearing on the City's vexatious litigant motion on September 22, 2022. The court granted the motion after finding "that the City has presented satisfactory evidence to establish that Miner is a vexatious litigant within the meaning of Code of Civil Procedure § 391(b)(3), and that there is no reasonable probability that Miner will prevail in this action against the City." RJN, Ex. A. The court ordered plaintiff to furnish a security in the amount of $1750 by October 20, 2022. Id. Plaintiff did not pay the required amount, so the court entered judgment dismissing the case without prejudice on October 20, 2022. RJN, Ex. 2.

Plaintiff filed three appeals in the Riverside Superior Court proceeding. The first appeal, APRI2200090, was filed on October 7, 2022, and denied on October 18, 2022. See RJN, Ex. 3. However, two others appeals, APRI2200098 and APRI2200109, were respectively filed on October 19, 2022, and November 17, 2022, and both remain active in the appellate division of Riverside County Superior Court. RJN, Exs. 4–5.

### III.    REQUEST FOR JUDICIAL NOTICE

Federal Rule of Evidence 201 empowers a court to take judicial notice of facts that are either "(1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); see also Mullis v. U. S. Bankr. Court for Dist. of Nevada, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                'O'

| Case No. | 8:22-cv-01043-CAS (MAAx) | Date | March 27, 2023 |
|---|---|---|---|
| Title | JOSEPH MINER v. CHRISTINA NEWSOM; ET AL. | | |

Here, defendants request that the Court take judicial notice of the following documents:

(1) Case report of <u>Joseph Miner v. City of Desert Hot Springs</u>, Case No. CVPS2106001 (filed Dec. 6, 2021, Riverside Sup. Ct.) (Dkt. 48, Request for Judicial Notice "RJN," Ex. 1);

(2) Judgement of Dismissal in <u>Joseph Miner v. City of Desert Hot Springs</u>, Case No. CVPS2106001 (entered Oct. 20, 2022, Riverside Sup. Ct.) (RJN Ex. 2);

(3) Case report of <u>Joseph Miner v. Riverside Superior Court</u>, Case No. APRI2200090 (filed Oct. 7, 2022, Riverside Sup. Ct. App. Div.) (RJN Ex. 3);

(4) Case report of <u>Joseph Miner v. City of Desert Hot Springs</u>, Case No. APRI2200098 (filed Oct. 19, 2022, Riverside Sup. Ct. App. Div.) (RJN Ex. 4);

(5) Case report of <u>Joseph Miner v. City of Desert Hot Springs</u>, Case No. APRI2200109 (filed Nov. 17, 2022, Riverside Sup. Ct. App. Div.) (RJN Ex. 5);

(6) Declaration of Petitioner Joseph Miner in <u>Joseph Miner v. City of Desert Hot Springs</u>, Case Nos. APRI2200098 and APRI2200109 (filed Dec. 7, 2022, Riverside Sup. Ct. App. Div.) (RJN Ex. 6);

(7) Notice of Appeal of Civil Citation #27948D in <u>Joseph Miner v. City of Desert Hot Springs</u>, Case No. CVPS2106001 (filed Dec. 6, 2021, Riverside Sup. Ct.) (Dkt. 49, RJN Ex. 7);

(8) Order Granting City of Desert Hot Springs's Motion for an Order Declaring Joseph Miner a Vexatious Litigant in <u>Joseph Miner v. City of Desert Hot Springs</u>, Case No. CVPS2106001 (entered Sept. 22, 2022, Riverside Sup. Ct.) (Dkt. 51, Defendant Vu's RJN, Ex. A); and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                'O'

| Case No. | 8:22-cv-01043-CAS (MAAx) | Date | March 27, 2023 |
|---|---|---|---|
| Title | JOSEPH MINER v. CHRISTINA NEWSOM; ET AL. | | |

(9) Excerpts from Certified Report's Transcript of the Hearing on the Motion for an Order Declaring Joseph Miner a Vexatious Litigant in Joseph Miner v. City of Desert Hot Springs, Case No. CVPS2106001 (Sept. 22, 2022, Riverside Sup. Ct.) (Defendant Vu's RJN, Ex. B).

The Court finds and concludes that defendants' requests for judicial notice, which plaintiff does not oppose, are appropriate on the basis that documents in state court proceedings are subject to judicial notice. See Bennett v. Medtronic, Inc., 285 F.3d 801, 803, n. 2 (9th Cir. 2002), as amended on denial of reh'g (May 15, 2002). Accordingly, the Court **GRANTS** defendants' requests for judicial notice as to these documents.

## IV. LEGAL STANDARD

### A. Service of Process

Rule 4(b) requires that "a summons must be served with a copy of the complaint." Fed. R. Civ. Pro. 4. When serving an individual within a judicial district of the United States, Rule 4(e) provides that such individual may be served by "(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," or "(2) delivering a copy of the summons and of the complaint to the individual personally [or] leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there . . . ." Id.

Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Id.

The Ninth Circuit has held that "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984). As such, "dismissal is generally not justified absent a showing of prejudice." Id.

### B. Younger Abstention

In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that due to concerns of comity and federalism, federal courts may not enjoin or otherwise interfere

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 8:22-cv-01043-CAS (MAAx) | Date | March 27, 2023 |
|---|---|---|---|
| Title | JOSEPH MINER v. CHRISTINA NEWSOM; ET AL. | | |

with pending state criminal proceedings on constitutional grounds. The federal court must abstain and allow the state court to adjudicate all claims, state and federal. Id. at 49-53. The Supreme Court has subsequently extended the principle of Younger to require abstention to allow state court civil proceedings in which important state interests are involved to go forward. Huffman v. Pursue, Ltd., 420 U.S. 592 (1975). Younger also applies when there are pending administrative proceedings that are judicial in nature. Ohio C.R. Comm'n v. Dayton Christian Sch., Inc., 477 U.S. 619, 628 (1986)

Younger abstention applies where (1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceeding to raise federal questions. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, etc., 23 F.3d 218 (9th Cir. 1994). Once these three elements are satisfied, "the court does not automatically abstain, but abstains only if there is a Younger-based reason to abstain – i.e., if the court's action would enjoin, or have the practical effect of enjoining, ongoing state court proceedings." AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1149 (9th Cir. 2007). A federal court will presume that the state court proceedings are adequate to raise a federal claim "in the absence of unambiguous authority to the contrary." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987).

C. **Pullman Abstention**

The Pullman abstention doctrine allows a federal court to postpone the exercise of federal jurisdiction when "a federal constitutional issue . . . might be mooted or presented in a different posture by a state court determination of pertinent state law." C–Y Dev. Co. v. City of Redlands, 703 F.2d 375, 377 (9th Cir. 1983) (quoting County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 189 (1959)); see also Pearl Investment Co. v. City and Cty. of San Francisco, 774 F.2d 1460, 1462 (9th Cir. 1985) (under the Pullman abstention doctrine, courts should abstain in cases presenting a federal constitutional question if constitutional adjudication could be avoided or the constitutional question narrowed by a state court ruling on an uncertain question of state law). In the Ninth Circuit, three criteria must be met before Pullman abstention is appropriate:

> (1) The complaint touches a sensitive area of social policy upon which the federal courts ought not to enter unless no alternative to its adjudication is open. (2) Such constitutional adjudication plainly can be avoided if a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 8:22-cv-01043-CAS (MAAx) | Date | March 27, 2023 |
|---|---|---|---|
| Title | JOSEPH MINER v. CHRISTINA NEWSOM; ET AL. | | |

definitive ruling on the state issue would terminate the controversy. (3) The possibly determinative issue of state law is doubtful.

Smelt v. Cty. of Orange, 447 F.3d 673, 679 (9th Cir. 2006). In contrast to Younger abstention, abstention under Pullman does not require that there be a state proceeding already pending. See Baffert v. California Horse Racing Bd., 332 F.3d 613, 617 (9th Cir. 2003).

### V. DISCUSSION

#### A. Defendants' Request for a Stay

The City and defendants Newsom, Brock, Messer, Min, Becerril, and Soriano first requested a stay of the federal proceedings in the reply brief to their motion to dismiss plaintiff's FAC on November 7, 2022. Dkt. 39. The Court explained that such request was improperly raised because plaintiff did not have "the opportunity to address this contention, nor is there enough information before this Court to properly assess such request." Dkt. 43.

Subsequently, in their motion to dismiss plaintiff's SAC, defendants request that the proceedings be stayed if the case is not dismissed.[2] City Mot. at 4–6. Specifically, defendants argue that a stay is justified because "[t]here is a risk of inconsistent rulings in Plaintiff's state and federal proceedings, in which Plaintiff is litigating the same primary rights relating to alleged underlying searches and code enforcement actions brought in connection with Plaintiff's ranch." Id. at 4. Defendants cite to the Ninth Circuit's opinion in Ollie v. Riggin for support of the proposition that "where a plaintiff has two simultaneous actions proceeding to judgment in two courts with concurrent jurisdiction over the claims, federal courts have ordered a stay of the federal action while the outcome of the state case is pending." Id. (citing 848 F.2d 1016, 1017–18 (9th Cir. 1988).

---

[2] In their reply briefing, these defendants now argue that, rather than impose a stay, the Court should dismiss the case and declare plaintiff a vexatious litigant pursuant to California state law. City Reply at 5–6 (citing L.R. 83-8.1–8.4). The Court declines to consider this request. Defendants improperly make this request for the first time in their reply briefing, which does not afford plaintiff a meaningful opportunity to address their contentions. In any event, at this stage, it does not appear appropriate to declare plaintiff to be a vexatious litigant in this Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL  'O'

| Case No. | 8:22-cv-01043-CAS (MAAx) | Date | March 27, 2023 |
|---|---|---|---|
| Title | JOSEPH MINER v. CHRISTINA NEWSOM; ET AL. | | |

In his opposition briefing, plaintiff "respectfully requests this action is stayed until state court appeals are complete" so that the state court appeals may "complete eliminating or identifying potential conflicts." Opp. at 1, 42.

Defendant Vu has given no position to the appropriateness of a stay in this case.

The parties have not filed a joint stipulation for a stay of proceedings, nor have they specified under which doctrine (*e.g.*, Younger, Pullman, Colorado River, Burford) a stay would be justified. Accordingly, the Court finds it appropriate to consider the Younger and Pullman abstention doctrines in this case, which it addresses in turn.

   1. Younger abstention

As described above, Younger abstention is only appropriate where there is (1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceeding to raise federal questions. Middlesex, 457 U.S. at 432. And even when these three elements are met, the Court only obtains if the Court's "action would enjoin, or have the practical effect of enjoining, ongoing state court proceedings." AmerisourceBergen Corp, 495 F.3d at 1149.

First, the Court finds that there is a pending state judicial proceeding. For Younger abstention, the "critical question is . . . whether the state proceedings were underway before initiation of the federal proceedings." Wiener v. Cnty. of San Diego, 23 F.3d 263, 266 (9th Cir. 1994) (internal citation omitted). The City issued citation No. 27948D on August 18, 2021, and the citation and fine were affirmed at a code enforcement hearing on October 21, 2021. See Dkt. 49-1 at 63. Pursuant to California Government Code Section 53069.4, on December 6, 2021, plaintiff initiated a state court proceeding in Riverside County Superior Court to appeal the City's final administrative decision. See RJN, Ex. 1. Plaintiff filed this federal action on May 24, 2022. Dkt. 1. While, as described above, the Riverside County Superior Court has entered judgment dismissing the case without prejudice, plaintiff has two active pending appeals in that case. See RJN, Exs. 4–5 (showing "active" status for appeal numbers APRI2200098 and APRI2200109).[3]

---

[3] Additionally, the parties in the litigation jointly refer to a second citation that the City has issued, but which remains pending final administration decision.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                'O'

| Case No. | 8:22-cv-01043-CAS (MAAx) | Date | March 27, 2023 |
|---|---|---|---|
| Title | JOSEPH MINER v. CHRISTINA NEWSOM; ET AL. | | |

Second, the Court finds that this case implicates important state interests in land zoning and code enforcement. "The Ninth Circuit has long held that zoning and land use planning constitute 'sensitive issue[s] of social policy.' " Korean Buddhist Dae Won Sa Temple of Hawai"i v. City & Cnty. of Honolulu, 952 F. Supp. 679, 684 (D. Haw. 1996) (quoting Pearl, 774 F.2d at 1463); see also Huffman, 420 U.S. at 604 (civil enforcement of public nuisance laws considered an important state interest). As described above, here the City has issued two civil administrative citations for violations of municipal ordinances. One of those citations, No. 27948D, is the subject of the pending state court action, in which plaintiff is challenging the City's final administration decision. In this federal action, plaintiff's own allegations claim that the City is a "Cartel . . . committing countless bad acts" in furtherance of marijuana cultivation and regulation in light of California state legislation legalizing such activities. See SAC ¶ 1–4. Similarly, plaintiff's requested relief, which would "order City [sic] to abide by its LAFCO annexation 'land use' promises" and "order City [sic] to re-design all administrative civil citations per mandates of law," id. at p. 51, supports the conclusion that the parties' dispute in state and federal courts "implicate[s] important state interests."

Third, the Court concludes that plaintiff has an adequate opportunity to litigate federal issues in the state proceedings. Under Younger, a plaintiff has an adequate opportunity to litigate federal issues if "constitutional claims may be raised in state-court judicial review of the administrative proceeding." Ohio C.R. Comm'n v. Dayton Christian Sch., 477 U.S. at 629. "For purposes of answering this inquiry, all that is required for abstention is that an *opportunity* exists to raise the federal claim in the state court proceedings." Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 2E-7. Accordingly, a federal plaintiff's "failure to avail [himself] of such opportunities does not mean that the state procedures were inadequate." Juidice v. Vail, 430 U.S. 327, 337 (1977). Here, plaintiff not only has had the "opportunity" to raise "constitutional claims in state-court judicial review" of citation No. 27948D, but he also appears to have done so. See, e.g., RJN, Ex. 7 at 10–18 (raising due process and unlawful search and seizure arguments in the Riverside Superior Court proceedings).

Having found that the three threshold elements of Younger exist, the Court then must determine whether the impact of this federal action "would enjoin, or have the practical effect of enjoining, ongoing state court proceedings." AmerisourceBergen Corp. v. Roden, 495 F.3d at 1149. In initiating the proceeding in Riverside County Superior Court, plaintiff appeared to have requested the following relief:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 8:22-cv-01043-CAS (MAAx) | Date | March 27, 2023 |
|---|---|---|---|
| Title | JOSEPH MINER v. CHRISTINA NEWSOM; ET AL. | | |

> 1) Vacate decision, dismiss citation prosecutorial misconduct. 2) In the alternative vacate decision, dismiss citation, force City refile 3) In the second alternative vacate decision, remand, require City to supply a non-associated prosecutor, defense counsel for code enforcement, and a new un-biased hearing officer. 4) Command AHO [administrative hearing office] Palacios to produce the digital audio recording of the hearing.

RJN, Ex. 7 at 15. In this federal action, in addition to seeking damages, plaintiff also requests the following injunctive relief:

> (1) vacate or declare red tag notice void; (2) vacate the recorded real estate lis pendens; (3) reinstate the 65 year old certificate of occupancy improperly revoked by the City; (4) compel City to issue "as is" building permit for interior wood privacy fence; (5) compel City to issue a business license pursuant to code; (6) order City to abide by its LAFCO annexation 'land use' promises; (7) order City to re-design all administrative civil citations per mandates of law; (8) order City not to violate the law (previously ordered by a federal judge); (9) enjoin Defendants from using any evidence or information gained as a result of their unlawful searches as detailed herein against Plaintiff in any way.

SAC at p. 51. Plaintiff clearly seeks overlapping relief in the federal and state proceedings. Granting any of the requested federal relief would therefore have the impact of unduly interfering with the state court proceedings.[4] AmerisourceBergen Corp. v. Roden, 495 F.3d at 1149

While the typical remedy invoked for Younger abstention is dismissal, the Ninth Circuit has explained that "federal courts should not dismiss actions where damages are at issue; rather, damages actions should be stayed until the state proceedings are completed." Gilbertson v. Albright, 381 F.3d 965, 968 (9th Cir. 2004). Under Younger abstention, "[t]o stay instead of to dismiss the federal action preserves the state's interests in its own procedures, the federal plaintiff's opportunity to seek compensation in the forum of his choice, and an appropriate balance of federal-state jurisdiction." Id. Here,

---

[4] Additionally, plaintiff's requested relief, if granted, would also appear to have the impact of interfering with the City's pending final administrative decision as to the second code enforcement citation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 8:22-cv-01043-CAS (MAAx) | Date | March 27, 2023 |
|---|---|---|---|
| Title | JOSEPH MINER v. CHRISTINA NEWSOM; ET AL. | | |

because plaintiff seeks a combination of monetary, injunctive, and declaratory relief, the Court concludes that a stay is the appropriate method of abstention under the circumstances. See Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 731, 116 S. Ct. 1712, 1728, 135 L. Ed. 2d 1 (1996) ("[F]ederal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary.").

    2.    Pullman abstention

As described above, the Pullman abstention doctrine allows a federal court to postpone the exercise of federal jurisdiction when "a federal constitutional issue . . . might be mooted or presented in a different posture by a state court determination of pertinent state law." C–Y Dev. Co. v. City of Redlands, 703 F.2d at 377. The three part test is whether "(1) the complaint involves a sensitive area of state social policy which federal courts ought not intrude upon; (2) federal adjudication of the constitutional question can be avoided by a definitive ruling on a state issue that would terminate the controversy; and (3) the state law in question is unclear." Korean Buddhist Dae Won Sa Temple, 952 F. Supp. at 688.

The Court finds that the first Pullman abstention factor is satisfied in this case. As already set forth above, the zoning, land use, and code enforcement issues in the case touch upon "sensitive issue[s] of social policy." Pearl, 774 F.2d at 1463; see also Huffman, 420 U.S. at 604.

Next, the Court determines whether a final state court judgment could potentially narrow the contours of this case. This second criterion of the Pullman analysis is met where "[a] state law question . . . has the potential of at least altering the nature of the federal constitutional questions." C-Y Dev. Co., 703 F.2d at 378. "Although abstention . . . may not obviate the need to decide all the federal constitutional questions," it is nonetheless appropriate when a final state court judgment "will substantially reduce the contours of such adjudication and place it in a different posture." Id. at 380. In C-Y Development, the plaintiff challenged the City of Redlands' denial of its applications for building permits, seeking, among other things, a writ of mandate requiring the city to issue the permits. The Ninth Circuit held that the second requirement for Pullman Abstention was met because a writ of mandate directing the city to issue the permits would moot some of the federal issues in the case. Thus, "the potential for such a narrowing of the constitutional issues and the principles of comity that will be furthered

Case 8:22-cv-01043-CAS-MAA   Document 62   Filed 03/27/23   Page 15 of 17   Page ID #:1280

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                              'O'

| Case No. | 8:22-cv-01043-CAS (MAAx) | Date | March 27, 2023 |
|---|---|---|---|
| Title | JOSEPH MINER v. CHRISTINA NEWSOM; ET AL. | | |

by allowing the state courts to first pass on the validity of this municipal ordinance under state law are sufficient "countervailing interests" to justify abstention in this case." Id.

Here, in addition to arguments sounding in constitutional law, plaintiff challenges the citation against him as a violation of California state law and the City's own municipal ordinances. Compare, e.g., SAC ¶¶ 231–237 (alleging a violation of "prosecutorial due process" under state law) with RJN, Ex. 7 at 12–13 (same); compare also SAC ¶¶ 127, 130 (alleging defendants failed to properly provide notice "violating state law and ordinance"); with RJN, Ex. 7 at 12–13 (same). As described above, plaintiff seeks overlapping relief in the federal and state proceedings, and a final state court judgment adjudicating his state and municipal law arguments could, at minimum, "alter" or "narrow" the federal issues in this litigation, if not entirely moot some of his claims and requests for injunctive relief.

Finally, as to the third requirement, the outcome of plaintiff's request for administrative mandate in state court, which involves the fact-intensive inquiry into whether the City abused its discretion, is uncertain and therefore the Court should abstain. See, e.g., VH Prop. Corp. v. City of Rancho Palos Verdes, 622 F. Supp. 2d 958, 964 (C.D. Cal. 2009) (Morrow, J.) ("Relying on the local nature of land use claims, and the fact that they involve interpretation of various state and local land use laws, the Ninth Circuit has required only a minimal showing of uncertainty to satisfy the third Pullman factor in land use cases.").

Here, it is an unresolved question as to how the state law issues would be resolved because the Court has an undeveloped factual record in this case with only the complaint and the materials offered for judicial notice. Compare, e.g., SAC ¶ 126–127 (alleging that defendants "mis-read, mis-stated, mis-applied multiple municipal ordinances") with Defendant Vu's RJN, Ex. B at 33 (the state court noting that "I wouldn't say that I would necessarily find that . . . every basis would be a strong likelihood, but by my count I would see at least two or three of the grounds on the citation as being a strong likelihood of succeeding on behalf of the City").

Accordingly, in addition to the conditions for Younger abstention, the Court finds that the conditions for Pullman abstention are present in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 8:22-cv-01043-CAS (MAAx) | Date | March 27, 2023 |
|---|---|---|---|
| Title | JOSEPH MINER v. CHRISTINA NEWSOM; ET AL. | | |

### B. Defendant Vu's Motion to Dismiss for Insufficient Service of Process

Defendant Vu contends that plaintiff has failed to properly serve him with the complaint and summons in accordance with Federal Rule of Civil Procedure 4, which permits delivery to an agent authorized by appointment or law to receive service of process.[5] Specifically, defendant Vu argues that plaintiff's process server delivered copies of the original complaint and summons to Deputy City Clerk Daniel McVey, but that McVey is not an authorized agent for Vu. Vu Mot. at 24–25. In support of his contention, Vu provides a sworn declaration stating he has never authorized McVey to accept service on his behalf. Dkt. 52.

In opposition, plaintiff argues that "Vu maintains an office at the City" and that McVey "stated he had authority to accept service for all parties." Opp. at 13.

A "purported agent's acceptance of service, or even his or her own statements concerning his or her authority, standing alone, do not establish such actual authority." Collins v. Barber, No. CV 10-9614-JFW (E), 2011 WL 13217941, at *4 (C.D. Cal. Mar. 31, 2011); see also McClain v. San Bernardino, No. EDCV-18:1648-CJC (PLA), 2019 WL 12345648, at *4 (C.D. Cal. Jan. 15, 2019) (holding that defendants had established through sworn declarations that the relevant individuals were not authorized to accept service, and therefore service under Rule 4(e)(2)(c) had not been effectuated).

While the Court notes that it is undisputed that defendant Vu—a deputy city attorney for Desert Hot Springs—has actual notice of the case, plaintiff does not appear to have technically complied with the requirements for service under relevant federal and state rules. Therefore, the Court must quash proof of service as to defendant Vu. Plaintiff is directed to serve defendant Vu in the manner set forth below.

### C. Defendants' Motions to Dismiss for Failure to State a Claim

Defendants have filed two motions to dismiss for failure to state a claim. Because the Court concludes that a stay of this case is appropriate, the Court denies defendants' motions without prejudice.[6]

---

[5] Vu has raised this argument in each motion to dismiss, see dkts. 25, 37, 50.
[6] Additionally, the City defendants filed evidentiary objections to the Declaration of Joseph Miner submitted by plaintiff in support of his opposition briefing to defendants'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL        'O'

| Case No. | 8:22-cv-01043-CAS (MAAx) | Date | March 27, 2023 |
|---|---|---|---|
| Title | JOSEPH MINER v. CHRISTINA NEWSOM; ET AL. | | |

### D. Plaintiff's Request for Leave to Amend

Finally, for the first time in his opposition briefing, plaintiff requests leave to amend and file a third amended complaint to add a RICO claim against defendants. Opp. at 42. Because the Court concludes that a stay of the case is appropriate aside from the limited exception that plaintiff must properly serve defendant Vu if he is to remain in the case, the Court hereby denies plaintiff's request for leave to amend without prejudice to making a new request after final resolution of the state court proceedings.

### VI. CONCLUSION

In accordance with the foregoing, the Court stays the instant action, pending final resolution of plaintiff's appeal of the code enforcement citation in state court. Plaintiff is directed to file with the Court any decision by the state courts within ten (10) days of such decision.

Additionally, the Court **GRANTS IN PART** and **DENIES IN PART** defendant Vu's motion to dismiss, dkt. 50. Proof of service executed as to defendant Vu, dkt. 16, is hereby **QUASHED**. Plaintiff is directed to properly serve defendant Vu sixty (60) days after such time, if any, the stay may be lifted.

Finally, the Court **DENIES** the City defendants' motion to dismiss without prejudice, dkt. 47.

IT IS SO ORDERED.

|  | 00 | : | 16 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

motion to dismiss. See Dkts. 59, 57-1. Because the Court denies defendants' motion to dismiss without prejudice in light of the Court's imposition of a stay in this proceeding, the City defendants' evidentiary objections are overruled as moot.